IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:16-CR-0210 |
| | : | |
| v. | : | |
| | : | |
| **ANTHONY ROWE** | : | Judge Sylvia H. Rambo |

## **M E M O R A D U M**

Presently before the court is Defendant Anthony Rowe's motion for judgment of acquittal or, in the alternative, for a new trial (Doc. 69), following his trial and guilty jury verdict on the charge of possession with intent to distribute one kilogram or more of heroin. For the reasons stated herein, the motion will be denied.

## **I.    Relevant Facts and Procedural History**

On July 27, 2016, Defendant was charged in a one-count Indictment with distribution and possession with intent to distribute one kilogram and more of heroin, in violation of 21 U.S.C. § 841(a). (*See* Doc. 1.) On March 16, 2017, after a jury trial, Defendant was found guilty of the charge in the Indictment. During jury instructions, the court told the jury that in order to find Defendant guilty of the offense charged, it would need to find beyond a reasonable doubt that: 1) Defendant possessed a mixture containing a controlled substance; 2) Defendant possessed and controlled the substance knowingly and intelligently; 3) Defendant

distributed or intended to distribute the controlled substance; 4) the controlled substance was heroin; and 5) the weight of the mixture containing heroin was one kilogram or more. (Docs. 64-66, Trial Tr., p. 382.) Defendant conceded the first four elements, and the only issue for the jury to decide was whether the United States proved beyond a reasonable doubt that the weight of the heroin distributed was one kilogram or more.

The evidence admitted at trial consisted of a small notebook that the United States offered as Defendant's drug ledger, as well as the testimony of a confidential informant, William Pierce, Pennsylvania State Police Officer Justin Hope, and Special Agent Eric Shufflebottom. Mr. Pierce testified that he had seen Defendant write in a small notebook on numerous occasions. (Trial Tr. at pp. 136-38.) While Mr. Pierce testified that he recalled the small notebook being either brown or black, the notebook was actually red with a black spine. Mr. Pierce nonetheless identified the notebook as the one he had seen with Defendant, and was able to testify as to specific amounts of money that he owed to Defendant at various times when Defendant had "fronted" him heroin to sell, including a controlled drug purchase conducted by the F.B.I. between Defendant and Mr. Pierce, and those amounts were contained in the notebook.

In addition to Mr. Pierce's identification of the notebook, Officer Hope testified that he found the notebook, along with a large sum of cash and multiple

2

cellular phones, in one of Defendant's rental cars during a traffic stop on June 27, 2016. (Trial Tr. at pp. 253-54.) Lastly, Special Agent Shufflebottom provided expert testimony that the notebook and its entries were consistent with drug ledgers that he had seen throughout his career in law enforcement. (Trial Tr. at pp. 293-98.)

During closing arguments, the United States encouraged the jury to add up the sums in the notebook, in conjunction with testimony from Mr. Pierce regarding the price that he paid Defendant for heroin, in order to help the jury determine whether Defendant had possessed with the intent to distribute one kilogram or more of heroin. (Trial Tr. at p. 334.) Defendant maintained a continuing objection to the use of the notebook throughout the trial, and after the jury returned a guilty verdict to the charge of possession with the intent to distribute one kilogram or more of heroin, Defendant filed a motion for judgment of acquittal or, in the alternative, for a new trial. (Doc. 69.) In the brief supporting his motion, Defendant argues that: 1) the total weight of heroin should be limited to the quantity that was distributed in a single unit, rather than a cumulative weight spread over a period of time; 2) the notebook was not properly authenticated; and 3) even if authenticated, the notebook was inadmissible hearsay. (*See* Doc. 70.) The United States submitted a brief in opposition to the motion (Doc. 75) and the matter is ripe for disposition.

3

## II. Legal Standard

Pursuant to Federal Rule of Criminal Procedure 29, the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain the conviction." Fed. R. Crim. P. 29(a). The Third Circuit has stated that the relevant inquiry in deciding a motion for judgment of acquittal is "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. McIntyre*, 612 F. App'x 77, 78 (3d Cir. 2015) (quoting *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 424-25 (3d Cir. 2013) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979))).

Rule 33 permits the grant of a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court "can order a new trial on the ground that the jury's verdict is contrary to the weight of the evidence only if it 'believes that there is a serious danger that a miscarriage of justice has occurred– that is, that an innocent person has been convicted.'" *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002) (quoting *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994)). Under Rule 33, the court does not view the evidence in the light most favorable to the government. Rather, the court must exercise its own judgment in assessing the government's case. *United States v. Silveus*, 542 F.3d 993, 1004 (3d Cir. 2008).

## III. <u>Discussion</u>

In his motion seeking either judgment of acquittal or a new trial, Defendant advances three arguments. First, Defendant argues that the quantity of heroin needed to support the charge against him must be the weight possessed or distributed in a single transaction, rather than over a period of time. Therefore, according to Defendant, the evidence produced at trial does not support his conviction because there was no evidence of any single transaction including one kilogram or more of heroin. Second, Defendant contends that the notebook introduced at trial was not properly authenticated as being his, was therefore inadmissible, and thus there was no admissible evidence to support the finding that he possessed with the intent to distribute one kilogram or more of heroin. Lastly, Defendant argues that even if the notebook was properly authenticated, it was inadmissible hearsay because the jury relied on the truth of the monetary amounts included in the notebook in finding the amount of heroin involved to be one kilogram or more. The court will address each argument in turn.

### A. <u>Possession with intent to distribute is a continuing crime</u>

Defendant's first argument, that the weight of heroin should be limited to the amount involved in a single distribution, is essentially a claim that the indictment is duplicitous. A duplicitous indictment is one that combines two or more separate crimes into a single charge. *See United States v. Rigas*, 605 F.3d 194, 210 (3d Cir.

2010). The key inquiry for a court in determining the duplicitousness of an indictment is whether the legislature intended the crime or crimes to constitute a single or separate offenses. *Id.* at 211 (citing *United States v. Conley*, 37 F.3d 970, 980 (3d Cir. 1994)); *see also* 1A Charles Alan Wright, Federal Practice and Procedure § 142, at 17-20 (3d ed. 1999) (stating that "the real question [in analyzing an indictment for duplicity] is one of legislative intent, to be ascertained from all the data available") (alterations in original).

Here, Defendant argues that each distribution of heroin that he made should constitute a separate offense, rather than one continuous crime allowing the jury to aggregate the drug quantities of each distribution into a single weight. While Defendant is correct that a charge for distribution under 21 U.S.C. § 841(a) can only include a single transaction or unit of distribution that relies on the weight of the controlled substance involved in that particular distribution, *see United States v. Mancuso*, 718 F.3d 780, 792 (9th Cir. 2013) (quoting *United States v. Lartey*, 716 F.2d 955, 967 (2d. Cir. 1983)) ("The plain language of the statute indicates . . . that illegal distribution under § 841 is not a continuing crime."), possession is a continuous crime that may include several separate distributions of the possessed controlled substance over a period of time. *See*, *e.g.*, *United States v. Morris*, 561 F. App'x 180, 187 (3d Cir. 2014) (citing *Mancuso*, 718 F.3d at 792) ("possession with intent to distribute [controlled substances] is a continuing offense.")

(alterations in original); *see also United States v. Muhammad*, 502 F.3d 646, 653 (7th Cir. 2007) (collecting cases holding that possession is a continuing offense); *United States v. Zidell*, 323 F.3d 412, 422 (6th Cir. 2003) (same). The specific charge against Defendant contained in the indictment is that he "did knowingly and intentionally distribute, and possess with the intent to distribute one kilogram or more of heroin, a Schedule I controlled substance." (Doc. 1, p. 1.) Because the offense charged includes possession and not merely distribution, it was not duplicitous to allow the indictment to consist of a single continuing crime, and therefore the jury was permitted to rely on the testimony of Mr. Pierce as well as the contents of the notebook in finding that Defendant possessed with the intent to distribute one kilogram or more of heroin. Accordingly, Defendant's motion for judgment of acquittal on this basis will be denied.

### B. The notebook was properly authenticated

Defendant's next argument is that the notebook was not properly authenticated as belonging to him before it was admitted into evidence at trial. Federal Rule of Evidence 901 requires the proponent of a piece of evidence to authenticate or identify the evidence by "produc[ing] evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Appropriate methods for authenticating evidence include "[t]estimony that an item is what it is claimed to be" and the "appearance, contents, substance, internal

7

patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(1) & (4). "The government's 'burden of proof for authentication is slight. All that is required is a foundation from which the fact-finder could legitimately infer that the evidence is what the proponent claims it to be.'" *United States v. Mebrtatu*, 543 F. App'x 137, 140 (3d Cir. 2013) (quoting *United States v. Reilly*, 33 F.3d 1396, 1425 (3d Cir. 1994)).

Here, the United States presented substantial evidence from which the jury could infer that the notebook belonged to Defendant. As noted above, Mr. Pierce testified that he had seen Defendant with a small composition notebook. Although Defendant makes much of Mr. Pierce misremembering the color of the notebook, that discrepancy is of little importance in light of the other evidence authenticating the notebook, such as Mr. Pierce identifying his specific debts in the notebook, as well as Officer Hope finding the notebook in Defendant's rental car along with a large sum of cash and several cell phones during the June 27, 2016 traffic stop. *See Ellison v. Garman*, Civ. No. 16-cv-0775, 2017 WL 2791216, *4 (E.D. Pa. Feb. 28, 2017) (stating that whether witnesses "may have misremembered the color of [a] hoodie" as red or black was "of little moment" in light of totality of evidence). This evidence goes well beyond the meager prima facie showing of authenticity that the United States was required to make before submitting the notebook for the jury's consideration. *Reilly*, 33 F.3d at 1404 ("[T]here need be only a prima facie

showing, to the court, of authenticity, not a full argument on admissibility. Once a prima facie case is made, the evidence goes to the jury and it is the jury who will ultimately determine the authenticity of the evidence, not the court. The only requirement is that there has been substantial evidence from which they could infer that the document was authentic.") (quoting *United States v. McGlory*, 968 F.2d 309, 328-29 (3d Cir. 1992)). Accordingly, the court finds that the notebook was properly authenticated pursuant to Rule 901 and its admission at trial is not grounds for the relief Defendant seeks.

### C. **The notebook was not hearsay**

Defendant's final argument is that, even if the notebook was properly authenticated, it was nonetheless hearsay because it was offered for the truth of its contents, specifically the alleged drug debts that support the jury's finding that Defendant possessed with the intent to distribute one kilogram or more of heroin. The United States contends that the notebook was not hearsay, but rather an admission by a party opponent. The court agrees with the United States.

"Hearsay 'is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'" *United States v. Booker*, 375 F. App'x 225, 230 (3d Cir. 2010) (quoting Fed. R. Evid. 801(c)). Unless an exception applies, hearsay is generally inadmissible as evidence at trial. One such exception exists for admissions by a

9

party opponent, which are statements "offered against an opposing party and: (A) . . . made by a defendant against his own interest." Fed. R. Evid. 801(d)(2)(A). As stated above, there was sufficient evidence for the jury to find that the notebook belonged to Defendant, and therefore his written statements detailing his drug sales were admissible as admissions by a party opponent. *See United States v. Jose*, Civ. Nos. 14-cv-0652-6 & 14-cv-0652-10, 2016 WL 4650617, *9-10 (E.D. Pa. Sept. 7, 2016) (admitting drug ledgers sufficiently authenticated as belonging to defendant as admissions by a party opponent); *see also United States v. Spiller*, 261 F.3d 683, 690 (7th Cir. 2001) (holding that defendant's handwritten letters detailing his drug sales were admissible as admissions by a party opponent). Accordingly, the court finds that the notebook was not hearsay and Defendant is not entitled to any relief.

### IV.  Conclusion

Based on the discussion contained herein, the court finds that Defendant has not established any grounds on which to enter a judgment of acquittal or order a new trial. The one-count indictment was not duplicitous and the notebook entered into evidence was both properly authenticated as belonging to Defendant and was admissible as an admission by a party opponent. Thus, Defendant's motion for judgment of acquittal or, in the alternative, for a new trial, will be denied.

An appropriate order will issue.

                                                          s/Sylvia H. Rambo  
                                                          SYLVIA H. RAMBO  
                                                          United States District Judge

Dated: August 16, 2017