IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:16-CR-00210 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **ANTHONY ROWE** | : | Judge Sylvia H. Rambo |

**M E M O R A N D U M   A N D   O R D E R**

Presently before the Court for disposition is a second motion for compassionate release and reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), filed by *pro se* Defendant Anthony Rowe on July 26, 2021. (Doc. 134). When liberally construed, Mr. Rowe asks the Court to reduce the term of his imprisonment from 97 months to time served in consideration of his health conditions and family circumstances. For the reasons set forth below, the motion will be denied.

**I.    BACKGROUND**

On July 27, 2016, Mr. Rowe was indicted on one count of distribution and possession with intent to distribute 1 kilogram or more of heroin in violation of 18 U.S.C. § 841(b)(1)(A). On March 16, 2017, a jury found Mr. Rowe guilty of the charged offense and the Court subsequently sentenced him to a term of 151 months' imprisonment. The Third Circuit vacated and remanded the verdict and sentence, however, as the evidence at trial did not support the conclusion that Mr. Rowe

distributed or possessed 1,000 grams or more of heroin at any one point in time. (*See* Doc. 94-1, at 2–3).

At his resentencing, the Court found that Mr. Rowe had cumulatively distributed 1,326.45 grams—or between 1000 and 3000 grams under the United States Sentencing Guidelines—of heroin. (Doc. 116-1, at 4-5). The Court thus re-sentenced Mr. Rowe to 97 months' imprisonment followed by 4 years of supervised release, at the very low end of his new Guidelines range. (*See* U.S.S.G. § 2D1.1(c)(5) and § 5A; Doc. 116-1). Mr. Rowe is presently incarcerated at the Federal Medical Center at Butner ("FMC Butner") and has a projected release date of January 26, 2024.[1]

On October 8, 2020, Mr. Rowe filed his first motion for compassionate release, which the Court denied on December 30, 2020. (Docs. 119, 130). Specifically, the Court found that Mr. Rowe's hypertension and overweight status did not rise to the level of extraordinary and compelling circumstances justifying compassionate release. (Doc. 130, at 4). Mr. Rowe then filed a motion for reconsideration on April 13, 2021. (Doc. 132). The Court denied the motion on May 12, 2021, and noted that, even if Mr. Rowe demonstrated extraordinary and compelling circumstances justifying release, a balance of the Section 3553 factors

---

[1] *See* Federal Bureau of Prisons Inmate Locator, BOP Register No. 75398-067, https://www.bop.gov/inmateloc/ (last accessed August 31, 2021).

still did not weigh in favor of reducing his sentence. (Doc. 133). Mr. Rowe has now filed a second motion for compassionate release, which raises similar grounds that the Court previously considered in his first motion for compassionate release.[2] (Doc. 134).

## II.   **DISCUSSION**

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may move the sentencing court to reduce his or her term of imprisonment. To do so, the defendant must first request that the Bureau of Prisons file such a motion on his or her behalf, and may only move after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

If the defendant complies with this exhaustion requirement, the court may reduce his or her term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that extraordinary and compelling reasons warrant such a reduction, and that the reduction is consistent with the applicable policy statements by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i).

---

[2] The Third Circuit has found that "district courts have jurisdiction to consider successive § 3582(c)(2) motions." *United States v. Henderson*, ---F. App'x ----, No. 21-1653, 2021 WL 2156910, at *1 n.1 (3d Cir. May 27, 2021) (citing *United States v. Weatherspoon*, 696 F.3d 416, 421-22 (3d Cir. 2012)).

Under the Sentencing Commission's relevant policy statement, the court must also find that the defendant is not a danger to the safety of any person or the community as provided in 18 U.S.C. § 3142(g). USSG § 1B1.13.2.

At the outset, the Court notes that the instant motion makes no reference to Mr. Rowe's administrative exhaustion efforts. As described by a sister court within this circuit:

> . . . [T]here is certainly [an] argument to be made that exhaustion in one instance does not continue to apply indefinitely to successive motions for compassionate release, particularly where . . . a defendant sets forth bases for such relief that differ from h[is] initial administrative request to BOP.
>
> *United States v. Urzua*, No. 16-CR-312-WJM, 2021 WL 858699, at *2 (D.N.J. Mar. 8, 2021).

Here, although Mr. Rowe raises similar arguments to those asserted in his previous motion for compassionate release, he now alleges without further elaboration or evidentiary support that he has "recently been diagnosed with an internal strain of cancer." (Doc. 134, at 2). Accordingly, without deciding whether "successive compassionate release motions must independently satisfy the exhaustion requirement," *United States v. Cain*, No. 1:16-CR-00103-JAW-1, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021) (citation omitted), the Court is not necessarily convinced that Mr. Rowe has properly exhausted his administrative remedies prior to seeking judicial review.

Further, assuming *arguendo* that Mr. Rowe has both satisfied the exhaustion requirement and shown that extraordinary and compelling circumstances exist to justify compassionate release, the Court is still not convinced that his release under the compassionate release statute is appropriate. As outlined in the Court's former Order denying Mr. Rowe's motion for reconsideration, a balance of the factors outlined in 18 U.S.C. § 3553(a) weighs against a sentence reduction in this case. Specifically, Mr. Rowe's underlying offense conduct was serious and involved his possession with intent to distribute substantial quantities of heroin. Further, considering that Mr. Rowe has only served around half of his total sentence, his premature release would undermine the objectives of imposing a sentence that protects the public, affords adequate deterrence, and reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. *See* 18 U.S.C. § 3553(a)(1)-(2). Accordingly, as the Section 3553(a) factors counsel in favor of continued incarceration, Mr. Rowe's motion for compassionate release will be denied.[3]

---

[3] Insofar as Mr. Rowe seeks to serve the remainder of his sentence in home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136, § 12003, his motion is also denied. *See United States v. Cruz*, 455 F. Supp. 3d 154, 159 (M.D. Pa. 2020) (holding that "the determination of which inmates qualify for home confinement under the CARES Act is with the BOP Director," and not the federal sentencing court); *see also United States v. Delacruz*, No. 3:17-CR-201, 2020 WL 3405723, at *4 (M.D. Pa. June 19, 2020) ("The determination of an inmate's place of incarceration is committed to the discretion of the BOP director.") (citations omitted).

**AND NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Mr. Rowe's second motion for compassionate release and reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 134) is **DENIED**.

*s/Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: September 13, 2021